**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4475**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES IMARIAGBE,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge. (1:15-cr-00105-ELH-1)

Submitted: January 31, 2017       Decided: February 9, 2017

Before NIEMEYER, DUNCAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Marta K. Kahn, THE LAW OFFICE OF MARTA K. KAHN, LLC, Baltimore, Maryland, for Appellant. Caroline D. Ciraolo, Principal Deputy Assistant Attorney General, S. Robert Lyons, Chief, Criminal Appeals & Tax Enforcement Policy Section, Gregory Victor Davis, Mark S. Determan, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Charles Imariagbe on 15 counts of aiding or assisting in the preparation of false tax returns, in violation of 26 U.S.C. § 7602(2) (2012). He was sentenced to 20 months' imprisonment with a 3-year term of supervised release. On appeal, he argues that the district court erred in admitting evidence under Fed. R. Evid. 404(b), namely a chart of non-charged tax returns that Imariagbe prepared that contained Schedule C information similar to the false Schedule C information on the charged tax returns. We affirm.

Rule 404 generally prohibits evidence of other crimes or bad acts to prove the defendant's character and conduct in accordance with his character. See Fed. R. Evid. 404(b)(1). Such evidence, however, may be admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). "Rule 404(b) is viewed as an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." United States v. Young, 248 F.3d 260, 271 (4th Cir. 2001) (internal quotation marks omitted). "To be admissible under Rule 404(b), evidence must be (1) relevant to an issue other than character; (2) necessary; and (3) reliable." United States v. Siegel, 536 F.3d 306, 317 (4th Cir. 2008) (internal quotation marks omitted).

2

Additionally, evidence should be excluded under Rule 404(b) if its probative value is substantially outweighed by its unfair prejudice to the defendant. United States v. Johnson, 617 F.3d 286, 296-97 (4th Cir. 2010). We review the district court's admission of evidence under Rule 404(b) for abuse of discretion. United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997).

We conclude that the district court properly found that the disputed evidence was reliable, necessary, and relevant and admissible to show Imariagbe's intent, knowledge, and absence of mistake. Moreover, the admission of the evidence was not excessively prejudicial because the evidence involved the same type of conduct as the offenses charged in the indictment. See United States v. Boyd, 53 F.3d 631, 637 (4th Cir. 1995) (holding no unfair prejudice when prior act is no more sensational or disturbing than evidence admitted directly supporting crimes with which defendant was charged). Last, any danger of unfair prejudice was minimized by the court's limiting instructions. See United States v. White, 405 F.3d 208, 213 (4th Cir. 2005) ("[A]ny risk of such prejudice was mitigated by a limiting instruction from the district court clarifying the issues for which the jury could properly consider [the Rule 404(b)] evidence.").

Because the district court properly considered and applied the appropriate evidentiary standards, we conclude that it did

3

not abuse its discretion in admitting the evidence. Accordingly, we affirm Imariagbe's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED